THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 18-00056-BLG-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

Plaintiff Lionel Ellison filed a Complaint and an Amended Complaint alleging violations of his constitutional rights during the course of his 2015 criminal trial.  (Docs. 2, 15.)  Mr. Ellison's allegations arising from his arrest and criminal prosecution and Defendants Yellowstone County, the City of Billings, Scott Twito, Julie Mees, Brett Linneweber, Sheriff Mike Linder, Detective Frank Fritz, Officer B. Richardson, Michael Kakuk, Danny Tenenbaum, Chad Wright, Captain Bofto, and Lt. Metzer will be recommended for dismissal.  Defendants Washington, Groslock, Johnson, and Peters will be required to respond to Mr. Ellison's claims of denial of food, failure to protect, and retaliation.

## I.  STATEMENT OF THE CASE

### A.    Parties

Mr. Ellison is proceeding in forma pauperis and without counsel.  He is

1

currently incarcerated at Montana State Prison but his allegations arose while he was in Yellowstone County, Montana.  The named Defendants in Mr. Ellison's original Complaint are Yellowstone County, the City of Billings, Scott Twito, Julie Mees, Brett Linneweber, Sheriff Mike Linder, Detective Frank Fritz, Detective B. Richardson, and attorneys Michael Kakuk, Danny Tenenbaum, and Chad Wright.  (Complaint, Doc. 2 at 2-5.)  Mr. Ellison filed an Amended Complaint on June 28, 2018 naming the following officers from the Yellowstone County Detention Facility (YCDF) as Defendants:  Officer Washington, Officer Groslock, Officer Johnson, Sgt. Peters, Lt. Metzer, and Captain Bofto.  (Amended Complaint, Doc. 15 at 2-4.)

### B.  Background of Criminal Proceedings

On October 16, 2018, the Montana Supreme Court decided Mr. Ellison's criminal appeal regarding the criminal proceedings at issue in this case.  The Montana Supreme Court provided the following factual background regarding Mr. Ellison's criminal charges:

> On March 13, 2013, Ellison staged a crime scene in which he attempted to implicate Yellowstone County Detective Frank Fritz (Fritz), by tying the doors shut to the trailer home he shared with his parents, starting a small fire outside, and placing a knife on the ground outside the home with "Fritz" scribbled on it. The Fire Department was summoned and, during the investigation, Ellison reported he saw flames from his bedroom window but was unable to

escape the house because the doors had been tied shut from the outside.  Ellison and his parents claimed they saw someone who looked like Fritz or his "twin" in their yard on the night of the fire, and that the same man had been at their home several times before. They later made statements in the proceeding that Fritz was responsible for starting the fire at the home.  At trial, Fritz and other officers testified that Fritz was investigating another crime scene elsewhere in Billings in the hours before, during, and after the fire at Ellison's home.

After testing, the Montana State Crime Lab determined the DNA found on the ropes tied to the doors of Ellison's home matched Ellison's DNA. Ellison was arrested on July 31, 2014. Later, soon after Ellison was released on bond, Ellison made phone calls to two employers in which he falsely identified himself as Fritz and maintained that they should not hire Ellison.

Ellison was charged with one count of arson, two counts of tampering with or fabricating physical evidence, and one count of impersonation of a public servant.

*State v. Ellison*, ___ P.3d ___, 2018 WL4999989 (Mont. S.Ct. October 16, 2018).

After a three-day trial, Mr. Ellison was acquitted of arson and convicted of two counts of tampering with or fabricating physical evidence, and one count of impersonation of a public servant.  *Id.*  The Montana Supreme Court reversed Mr. Ellison's conviction for the second count of tampering with or fabricating evidence but affirmed his convictions on all other charges.  *Id.*

### C.  Allegations

Mr. Ellison alleges violations of the following constitutional rights:  (1) his Fourth Amendment right to only be arrested based upon probable cause; (2) his

Fifth Amendment right to due process and right against double jeopardy; (3) his

Sixth Amendment right to competent assistance of counsel; (4) his Eighth

Amendment right to adequate food and protection from other inmates; and (5) his

Fourteenth Amendment rights to due process and equal protection were violated

when the prosecution withheld exculpatory and impeaching evidence, the trial

judge was biased, Yellowstone County detectives committed violent crimes

against him and he was wrongfully convicted, and appellate counsel refused to

adequately represent him in a timely and correct manner.  (Complaint, Doc. 2 at

20.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A.  Standard

Because Mr. Ellison is a prisoner proceeding in forma pauperis, the Court

must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant before it is served if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it

was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint

5

stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## B. Analysis

### 1. Claims barred by Statute of Limitations–Fourth Amendment

Mr. Ellison brings claims under the Fourth Amendment alleging the State

6

would not have had probable cause to arrest him if they had not suppressed audio statements, medical records, and previous State investigations.  (Complaint, Doc. 2 at 19.)  To the extent Mr. Ellison is alleging false arrest, his claims should be dismissed for failure to file within the applicable statute of limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985) determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204 (1).

Mr. Ellison's Complaint is dated March 15, 2018, therefore all claims accruing prior to March 15, 2015 are barred by the applicable statute of limitations.  Mr. Ellison was arrested on July 31, 2014.  Thus, any Fourth Amendment claims for false arrest are barred by the applicable statute of limitations and should be dismissed.  *See Wallace v. Kato*, 549 U.S. 384, 393 ("the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

This is not a defect which could be cured with further amendment.

7

## 2. Claims regarding Criminal Trial–5th, 6th & 14th Amendments

Mr. Ellison raises a number of claims regarding his criminal proceedings under the Fifth, Sixth, and Fourteenth Amendments claiming that he was denied due process, his double jeopardy rights were violated, he was denied competent assistance of counsel, and was denied equal protection of the laws. (Complaint, Doc. 2 at 19-20.)

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.* at 486-487.

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

8

Although the Montana Supreme Court reversed Mr. Ellison's conviction for the second count of tampering with or fabricating evidence, it affirmed his convictions for one count of tampering with or fabricating physical evidence and one count of impersonation of a public servant. *State v. Ellison*, ___ P.3d___, 2018 WL 4999989 (Mt. S.Ct October 16, 2018). A determination in this Court regarding whether any of Mr. Ellison's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions which have not been reversed, declared invalid, expunged, or called into question. As such, Mr. Ellison's claims regarding his criminal proceedings are barred by *Heck* and will be recommended for dismissal.

Defendants Yellowstone County, Scott Twito, Julie Mees, Brett Linneweber, Detective Frank Fritz, Officer B. Richardson, Michael Kakuk, Danny Tenenbaum, Chad Wright, and the City of Billings are all named solely in Mr. Ellison's claims regarding his criminal proceedings. Those claims are all barred by either the statute of limitations and/or by *Heck*. As such, these Defendants will be recommended for dismissal.[1]

---

[1] The Court also notes that the Defendant prosecutors–Scott Twito, Julie Mess, and Brett Linneweber are entitled to prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases). In addition, Mr. Ellison's defense attorneys do not act under color of state law when performing tradition attorney functions. *Polk County v. Dobson*, 454 U.S. 312, 318-19 (1981) (noting that private attorney, even one appointed by court,

### 3. Claims arising from the YCDF

In his original Complaint, Mr. Ellison alleged that Defendants at YCDF deprived him of food and had him stabbed in violation of the Eighth Amendment to the United States Constitution.  (Complaint, Doc. 2 at 19.)  It appears that Mr. Ellison was a pretrial detainee while he was incarcerated at the YCDF.  As such, and out of an abundance of caution, the Court will analyze Mr. Ellison's conditions of confinement claims under the Fourteenth Amendment.  Such claims have the following elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 831 (2017).  With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily

---

does not act under color of state law for purposes of § 1983 when performing traditional role of attorney).  As such, Mr. Ellison cannot state a federal claim for relief against Defendants Kakuk, Tenenbaum, and Wright under section 1983.

turn on the facts and circumstances of each particular case. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citation and internal quotation marks omitted); *Castro*, 833 F.3d at 1071 (citations, internal brackets and internal quotation marks omitted). A plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard. *Castro*, 833 F.3d at 1071. The mere lack of due care is insufficient. *Castro*, 833 F.3d at 1071 (citation and internal quotation marks omitted).

Mr. Ellison alleges Defendants Washington and Groslock refused to feed him adequately while he was in trial. (Complaint, Doc. 2 at 15-16.) He also alleges that on or about December 9, 2015, Defendants Washington, Groslock and Johnson put another inmate named Steve Aalgard into Mr. Ellison's cell against Sgt. Pluhar's order. Mr. Aalgard was Mr. Ellison's former employee who had been fired due to drug use and theft. Mr. Ellison alleges the officers ignored his complaints regarding his concern for his safety while house with Mr. Aalgard. That night, Mr. Aalagard attacked Mr. Ellison and stabbed him three times. Mr. Ellison was able to get the knife from Mr. Aalgard and kicked the knife under the door during the attack. He contends Officer Groslock picked up the knife but did nothing. He also alleges there were many kites with threats to Mr. Ellison before Aalgard was put in his cell. (Complaint, Doc. 2 at 17.)

11

In his Amended Complaint, Mr. Ellison alleges Sgt. Peters placed Mr. Ellison in section CC where he was assaulted by other inmates who urinated in a sack containing feces and squirted it under Mr. Ellison's door.  (Doc. 15 at 3.)  Mr. Ellison alleges Defendants submitted him to extreme bodily harm in retaliation for his statements that one of their fellow officers committed crimes.  (Doc. 15 at 4.)

Defendants Washington, Groslock, Johnson, and Peters will be required to respond to Mr. Ellison's conditions of confinement claims (failure to protect and failure to provide adequate food) and retaliation claims.

### 4. Supervisory Liability

Mr. Ellison alleges Sheriff Mike Linder is responsible for all acts and omissions of all members of the Yellowstone County Sheriff's Department and is responsible for hiring, training, supervision, and disciplining of the Sheriff Department employees.  (Complaint, Doc. 2 at 4.)  He alleges Captain Sam Bofto was in charge of the YCDF and the officers and guards at YCDF.  (Amended Complaint, Doc. 15 at 4.)  He also states that Lt. Metzer "confirmed each of the grievances as true when his subordinate guards refused to feed the Plaintiff during trial, knowing that the Plaintiff is a severe Hypoglycemic and affirmed that his guards had the Plaintiff stabbed." (Amended Complaint, Doc. 15 at 3.)

Section 1983 imposes individual liability upon state actors only when their

personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for their own personal acts which directly cause an injury. But in order to make such a claim, a plaintiff must make specific factual allegations regarding what each defendant did or did not do. Mr. Ellison makes no specific factual allegations regarding what personal acts were taken by Defendants Linder or Bofto.

Mr. Ellison does allege Lt. Metzer signed his grievance regarding the Defendant officers' actions but he also alleges that these officers were punished for their actions. (Doc. 2 at 16.) Mr. Ellison cannot state a claim based merely on Lt. Metzer's processing of his grievance. A prison official's alleged improper processing of an inmate's grievance, without more, fails to serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners have no "separate constitutional entitlement to a specific prison grievance procedure"); *Shallowhorn v. Molina*, 572 Fed.Appx. 545, 547 (9th Cir. 2014) (*quoting Ramirez*, 334 F.3d at 860) ("because inmates lack a separate constitutional entitlement to a specific grievance procedure, these defendants cannot be held liable under § 1983 for denying plaintiff's appeal"). Mr. Ellison's allegations stem only from Lt. Metzer's review of his grievances

13

which, without more, is insufficient to state a plausible claim for individual

liability under section 1983.

An individual, however, can also be held liable in their individual capacity

under a theory of supervisory liability.  "[A] plaintiff may state a claim against a

supervisor for deliberate indifference based upon the supervisor's knowledge of

and acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v.*

*Baca*, 652 F.3d 1202 (9th Cir. 2011).  But supervising officers cannot be held

liable under a respondeat superior theory under section 1983.  *Monell*, 436 U.S. at

691-94.  That is, a defendant cannot be held liable just because they supervise

other employees.  Instead, supervising officers can be held liable under § 1983

"only if they play an affirmative part in the alleged deprivation of constitutional

rights."  *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

Allegations against supervisors which resemble "bald" and "conclusory"

allegations are insufficient.  *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012).  Mr.

Ellison makes no allegations that either Sheriff Linder or Captain Bofto had

personal knowledge of a constitutional violation committed by their employees.

He makes no "specific allegations regarding each Defendant's purported

knowledge" of the violation.  *Hydrick*, 669 F.3d at 942.  He only alleges they were

responsible for the jail which is insufficient to establish supervisory liability.

14

While Lt. Metzer is alleged to have known about the alleged constitutional violations by jail employees there is no allegation that he acquiesced or refused to terminate the alleged actions of his subordinates.  Rather Mr. Ellison alleges that the employees at issue were punished after Mr. Ellison filed his grievance.  Mr. Ellison has not alleged "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates."  *Hydrick*, 669 F.3d at 942 *citing Starr*, 652 F.3d at 1206–07.

Sheriff Linder, Captain Bofto, and Lt. Metzer should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Washington, Groslock, Johnson, and Peters to waive service of summons of the Complaint and Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[2]  The Waivers must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing.  If Defendants Washington, Johnson and Peters choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due

---

[2]Defendants are not required to respond Mr. Ellison's claims recommended for dismissal and the Defendants recommended for dismissal are not required to file a responsive pleading.

within 60 days of the entry date of this Order as reflected on the Notice of

Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. §

1997e(g)(2).

   2.  The Clerk of Court shall mail Defendants Washington, Groslock,

Johnson, and Peters the following documents:

*   \*   Complaint (Doc. 2);
*   \*   Brief in Support of Complaint (Doc. 6);
*   \*   Amended Complaint (Doc. 15);
*   \*   Brief in Support of Amended Complaint (Doc. 16);
*   \*   this Order;
*   \*   a Notice of Lawsuit & Request to Waive Service of Summons; and
*   \*   a Waiver of Service of Summons.

   Counsel for Defendants must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R.

12.2.

   3.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in

letter form.

4.  Mr. Ellison <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Ellison must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Ellison's claims arising from his arrest and criminal prosecution should be DISMISSED.

2.  Defendants Yellowstone County, the City of Billings, Scott Twito, Julie Mees, Brett Linneweber, Sheriff Mike Linder, Detective Frank Fritz, Officer B. Richardson, Michael Kakuk, Danny Tenenbaum, Chad Wright, Captain Bofto, and Lt. Metzer should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ellison may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[3]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 8th day of November, 2018.


  */s/ John Johnston*
John Johnston
United States Magistrate

---

[3]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Ellison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 18-00056-BLG-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

TO:  Officers Washington, Groslock,          Yellowstone County Attorney
     Johnson, and Peters                      217 N 27th Street
     Yellowstone County Detention Facility    Billings, MT  59101
     3165 King Avenue East
     Billings, MT 59101

A lawsuit has been filed against you or individuals you may represent in this

Court under the number shown above.  A copy of the Complaint and Amended

Complaint are attached.

This is not a summons or an official notice from the court.  It is a request

that, to avoid the cost of service by the U.S. Marshals Service, you waive formal

service of a summons by signing and returning the enclosed waiver.  To avoid

these expenses, you must file the signed waiver within 30 days from the date

shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

2

were served on the date the waiver is filed, but no summons will be served on

Defendants and Defendants will have 60 days from the date this notice is sent (see

the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshals Service to serve the summons and complaint on

Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary

expenses.

DATED this 8th day of November, 2018.


   _/s/ John Johnston_____
John Johnston
United States Magistrate

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to

cooperate in saving unnecessary expenses of serving a summons and complaint.  A

defendant who is located in the United States and who fails to return a signed

waiver of service requested by a plaintiff located in the United States will be

required to pay the expenses of service, unless the defendant shows good cause for

the failure.

3

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

4

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 18-00056-BLG-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 WAIVER OF THE SERVICE OF SUMMONS |
| YELLOWSTONE COUNTY, et al., | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive

service of summons in this case.  Defendants also received a copy of the Complaint

and Amended Complaint.  I am authorized by the following Defendants to agree to

save the cost of service of a summons and an additional copy of the Complaint and

Amended Complaint in this action by not requiring that the following individuals

be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;   _____;

_____;   _____;

_____;   _____;

The above-named Defendants understand that they will keep all defenses or

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)

2