# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER WASHINGTON, OFFICER GROSULAK, OFFICER JOHNSON, and SGT. PETERS,<br><br>Defendants. | CV-18-56-BLG-BMM-JTJ<br><br>ORDER |

Plaintiff Lionel Ellison's remaining claims in this matter are that the Defendants failed to provide him with adequate food, failed to protect him, and retaliated against him. (Doc. 92 at 15). The parties have filed cross motions for summary judgment on these remaining claims. United States Magistrate Judge John Johnston entered Findings and Recommendations on November 4, 2019. (Doc. 92).

The Magistrate Judge recommended that Ellison's motion for summary judgment (Doc. 41) be denied; Officer Grosulak's motion for summary judgment (Doc. 47) be granted on all claims except for Ellison's failure to protect claim; Officer Washington's motion for summary judgment (Doc. 60) be granted on all claims except Ellison's claim of failure to provide food and failure to protect;

1

Officer Johnson's motion for summary judgment (Doc. 64) be denied with regard to Ellison's failure to protect claim; and Sgt. Peters' motion for summary judgment (Doc. 68) be granted.

Ellison and Officers Grosulak, Johnson, and Washington filed timely objections to the Findings and Recommendations. (Doc. 93, 94). The Court now considers these objections and reviews the Findings and Recommendations. For the reasons articulated below, the Court adopts in full the Findings and Recommendations.

## DISCUSSION

The Court reviews de novo the portions of the Findings and Recommendations to which either party objects. 28 U.S.C. § 636(b)(1)(C). The Court reviews for clear error any portion to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

### A. Officers Grosulak, Johnson, and Washington's Objections

Washington, Grosulak, and Johnson (collectively "Officers") object to three findings of fact in the Findings and Recommendations. The Officers first take issue with the finding that they did not dispute Ellison is hypoglycemic. The

Officers contend that, if Ellison was hypoglycemic, the medical records would have reflected that fact.

Second, Officer Washington objects to the finding that he does not dispute that Ellison was not given dinner on September 22, 2019. Officer Washington "knew of no reason why he would not have provided Ellison with dinner." (Doc. 93 at 5).

Finally, Officer Grosulak objects to the finding that Grosulak knew Ellison had complained about his cell-mate posing a threat to him. Grosulak alleges that he did not know that Ellison had complained, and that there is nothing in the record to support a conclusion that Grosulak knew Ellison complained and that his cell-mate posed a threat to him. (Doc. 93 at 5).

The Court reads the Findings and Recommendations as applying the proper summary judgment standard by drawing "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Costa Cnty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). The Magistrate Judge correctly drew inferences in favor of Ellison when considering the Officers' motions for summary judgment, and the Officers' objections do not rise to the level of genuine disputes of fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Officers raise issues that are appropriately resolved at trial, not at the summary judgment stage.

The Officers also object to the recommendation to deny their motions for summary judgment on the failure to provide food and failure to protect claims. For the reasons discussed above, accepting the findings made by the Magistrate Judge and the facts alleged by Ellison, the Court agrees with the Magistrate Judge that there is a genuine issue of material fact regarding whether Ellison's right to humane living conditions was violated by a failure to receive food.

Similarly, regarding the failure to protect claim, the Court agrees that there is a genuine issue of material fact. The Officers object because they allege that the injuries suffered by Ellison were only minor, and that their duty to protect Ellison only extends as far as protecting him from serious harm. Drawing inferences in favor of Ellison, the Magistrate Judge correctly concluded that there is a genuine issue of fact regarding whether Ellison was placed at a substantial risk of suffering serious harm when he was placed in the cell with Aalgaard, the inmate whom Ellison alleges threatened and assaulted him, and whether that placement actually caused him injury.

**B. Ellison's Objections**

Ellison objects to the recommendation that his motion for summary judgment be dismissed. As discussed above, the Court agrees with the Magistrate Judge's conclusion that there are genuine issues of material fact properly resolved at trial.

Ellison also objects to the recommendation to grant Sgt. Peters's motion for summary judgment. Ellison asserts that Sgt. Peters acknowledged that he knew of the threats made against Ellison, and thus he is liable. Ellison does not point to any evidence demonstrating that Sgt. Peters made an intentional decision, however, that placed Ellison at a substantial risk of suffering serious harm.

**IT IS ORDERED**:

1. The Findings and Recommendations (Doc. 92) are **ADOPTED IN FULL.**

2. Ellison's Motion for Summary Judgment (Doc. 41) is **DENIED**.

3. Defendant Grosulak's Motion for Summary Judgment (Doc. 47) is **GRANTED** on all claims except Ellison's failure to protect regarding the alleged assault on December 10, 2015.

4. Defendant Washington's Motion for Summary Judgment (Doc. 60) is **GRANTED** on all claims except Ellison's claim of failure to provide adequate food and failure to protect regarding the alleged assault on December 10, 2015.

5. Defendant Johnson's Motion for Summary Judgment (Doc. 64) is **DENIED**.

6. Defendant Peters's Motion for Summary Judgment (Doc. 68) is **GRANTED**.

7. Ellison's Motion to Dismiss Defendants' Motions for Summary Judgment (Doc. 87) is **DENIED**

DATED this 8th day of January, 2020.

Brian Morris
United States District Court Judge