THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER WASHINGTON, OFFICER GROSLOCK, OFFICER JOHNSON, and SGT. PETERS,<br><br>Defendants. | CV 18-00056-BLG-BMM-JTJ<br><br><br>ORDER |

On March 9, 2021, this Court imposed a stay in this matter in order to allow Plaintiff Ellison to pursue his companion habeas corpus case, *Ellison v. Salmonsen et al.*, Cause No. CV-21-26-BLG-DLC-TJC. See, (Doc. 146.) Although the prior order of this Court indicated that the stay would last for one calendar year, to date the stay has not been lifted. Ellison was advised he should inform the Court, via motion, when his habeas case is concluded and the stay will be lifted. See, (Doc. 156.)

Despite the stay, Ellison continues to file in this matter. Currently pending before the Court are Ellison's Motion for Cease-and-Desist Order, (Doc. 159), and Motion to Alter Judgment. (Doc. 160).

In his Motion for Cease-and-Desist Order, Ellison asks this Court to intervene in the electronic filing procedures in place at Montana State Prison

1

("MSP") and order the prison librarians to provide one free copy of the document electronically filed by the prisoner, in addition to the original document being returned. See, (Doc. 159 at 1-2.) Apparently, for a period of time this was, in fact, the practice at MSP. Ellison asserts that this process, including the free copy of the prisoner's document, is mandated not only by the Court's Standing Order, but also by the language contained in the Notice of Electronic Filing ("NEF"). Mr. Ellison believes he has a due process right to obtain the "free copy" of his documents. Mr. Ellison is mistaken.

The language he cites to in the NEF in inapplicable to MSP inmates utilizing the Court's E-Filing Project. This language is auto-generated by the filing system and indicates an attorney or a party to a suit, who receives electronic service of documents as a registered CM/ECF participant, is entitled to one free view of a document. After that first viewing opportunity, if the document is not downloaded, the party will be charged the applicable PACER fee to re-access the document. Mr. Ellison is not an attorney of record or a party to a case who is set up to receive electronic notifications from the Court's filing system.

The language that controls Mr. Ellison's situation is Standing Order No. BMM-6, which Ellison has attached to his motion. See, (Doc. 159-1 at 3-7.) The Standing Order contains no provision requiring that an additional free copy of prisoner's documents be provided. The following procedure is outlined:

> When a court filing is docketed, a Notice of Electronic Filing ("NEF") is issued. The NEF confirms the date of docketing and contains an electronic link to the court filing. The MDOC will establish an e-mail address by which MSP staff will receive the NEF when a document has been filed electronically. When MSP staff receive an NEF for a document filed by a prisoner, MSP staff will return the original documents to the prisoner with the NEF which will indicate that the document has been electronically filed, when it was filed, and the number of pages filed with the Court. The prisoner litigant is expected to keep the original court filing and produce it at a later time, if ordered to do so by the Court.

Standing Order No. BMM-6 at 5(c). There is no requirement that prisoners be provided a "free" copy in addition to their original. Similarly, Section 5(e) of the Standing Order requires that when the Court enters an order directed to the parties, the filing will be sent to MSP. MSP staff is then required to print and provide the prisoner with copies of the NEF and the Court-issued order or communication. Again, the Standing Order does not contemplate any additional copies.

Further, the Standing Order explicitly states that prisoners are not registered CM/ECF participants. *Id*. at 5(f). Thus, the language upon which Mr. Ellison relies in the NEF does not include him. In short, Mr. Ellison has no basis upon which to request this Court's intervention in the E-Filing Project; the Motion for Cease-and-Desist Order will be denied.

Ellison has also filed a motion to alter or amend the judgment.[1] Ellison has also filed a similar motion previously in this case. See, (Doc. 153.) Ellison is advised, yet again, that such motion is premature. See e.g., (Doc. 156 at 2.) While this matter is currently stayed, it is still pending and no judgment has been entered. This motion will also be denied.

Ellison should file a motion to lift the stay with this Court once his habeas case has been resolved. Until that time, Ellison should refrain from filing motions in the instant matter.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The stay that was previously imposed in this matter is to remain in effect. Ellison shall file a motion to lift the stay with the Court when his proceedings relative to *Ellison v. Salmonsen et al.*, Cause No. CV-21-26-BLG-DLC-TJC, have been resolved.

2. Ellison's Motion for Cease-and-Desist Order (Doc. 159) is DENIED.

3. Ellison's Motion to Alter Judgment (Doc. 160) is DENIED.

DATED this 15th day of September, 2022.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge

---

[1] He has filed the same motion in other active and closed cases, including *Ellison v. Salmonsen et al.*, Cause No. CV-21-26-BLG-DLC; *Ellison v. Fletcher*, Cause No. 17-168-BLG-DLC; *Ellison v. Guyer et al.*, Cause No. CV-18-176-BLG-DLC.