IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER WASHINGTON, OFFICER GROSLOCK, OFFICER JOHNSON, and SERGEANT PETERS,<br><br>Defendants. | CV 18-00056-BLG-BMM-JTJ<br><br><br>ORDER |

Pending before the Court are motions filed by Plaintiff Lionel Ellison ("Ellison"). (Docs. 188, 194, and 196). A jury trial is currently scheduled for April 9, 2024. Shortly after Ellison filed these motions, he filed an interlocutory appeal with the Ninth Circuit. (Doc. 197.) The Ninth Circuit dismissed the appeal for lack of jurisdiction. (Doc. 201); *see also* Mandate (Doc. 202).

By way of background, the Court reiterates that the claims proceeding to trial are discrete and finite: (1) did Defendant Washington fail to provide Mr. Ellison with a meal on September 22, 2015; and (2) did Defendants fail to protect Mr. Ellison in relation to an alleged assault that occurred on December 10, 2015, at the Yellowstone County Detention Center. The Court previously addressed various motions filed by Ellison in a comprehensive order. (*See* Doc. 191.) Specifically, the Court denied the

1

following: Ellison's petition for writ of scire facia (*id*. at 1–3); Ellison's motion for subpoena and leave to file a third-party complaint (*id*. at 3–6); Ellison's motion to reinstate the original defendants (*id*. at 7–9); and Ellison's motion to stay. (*Id*. at 9–10.) The Court will address Ellison's present motions in turn.

    **i.**      **Motion for Partial Summary Judgment**

Ellison first requests that this Court issue an order granting him summary judgment against Defendants based upon a purported lack of controversy. (Doc. 188). As set forth above, one of the claims that is proceeding against the three remaining Defendants is that they failed to protect Mr. Ellison in conjunction with an incident on December 10, 2015, at the Yellowstone County Detention Center. Ellison asserts that the officers knowingly placed a dangerous individual in his cell, in an act of retaliation, who purportedly attacked Ellison. Ellison premises his present summary judgment motion upon his learning that the man placed in his cell, Steve Aalgard, has died. Ellison asserts that Aalgard's death means no one remains available to contradict his version of events that occurred on December 10, 2015, and, accordingly, he is entitled to judgment as a matter of law. (*Id*. at 2.)

Defendants oppose Ellison's motion. (Doc. 190.) Defendants generally argue that Ellison has failed to demonstrate that no genuine issue of material fact exists or that he is entitled to judgment as a matter of law. (*Id*. at 1.) Additionally, Defendants point out that Ellison filed the motion after the motions deadline had passed and that

Ellison failed to file a statement of undisputed facts in support of his motion. (*Id.*) Defendants' position is well-taken.

As an initial matter, Ellison filed his summary judgment motion nearly four years after the August 9, 2019, motions deadline. The jury trial has been re-scheduled multiple times. (*See* Docs. 101, 171, 175, and 186.) The Court previously considered whether issues of material fact existed when the parties filed their respective motions for summary judgment. The Court determined that there were issues of material fact relative to the two claims outlined above. (*See e.g.*, Doc. 97.) As pointed out by Defendants, despite the death of Aalgard, there exists other evidence that contradicts Ellison's version of events that occurred on December 10, 2015. (Doc. 190 at 2–3.) Thus, there exists an issue of fact that will be up to the jury to decide. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (holding "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions," not those of a judge ruling on a motion for summary judgment). Ellison's motion is untimely and finds no support in law or the facts of this case. The motion will be denied.

### ii. Motion for Partial Default Judgment

Ellison requests this Court issue an order for "partial default judgment" against the third-party defendants based upon their failure to respond to his third-party complaint. (*See* Docs. 194 and 196.) As set forth above, Ellison was previously

denied leave to file a third-party complaint. The Court explained in detail the basis for the denial. (Doc. 191 at 3–6.) Accordingly, the third-party defendants were not served and had no duty to appear or answer Ellison's complaint. These motions will also be denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Ellison's Motion for Partial Summary Judgment (Doc. 188) is **DENIED**.

2. Ellison's Motions for Partial Default Judgment/Entry of Default (Docs. 194 and 196) are **DENIED**.

3. At all times during the pendency of this action, Ellison must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 18th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court