IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 18-00056-BLG-BMM-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| OFFICER WASHINGTON, OFFICER GROSLOCK, and OFFICER JOHNSON, | |
| Defendants. | |

Pending before the Court is a "Notice of Violations of Good Faith Standards and Request for Sanctions" filed by Plaintiff Lionel Ellison ("Ellison"). *See*, (Doc. 232). This matter is currently scheduled for a settlement conference on April 4, 2025, at the Montana State Prison ("MSP").

In his motion for sanctions, Ellison alleges that counsel for Defendants, Deputy Yellowstone County Attorney Melissa Williams, incorrectly informed MSP officials that Ellison had an additional arson conviction that should be used against him in order to increase his security points and, correspondingly, his prison classification status. (Doc. 232 at 2-3.) Ellison believes this conversation occurred while Williams was contacting MSP officials to arrange the settlement conference.

Ellison subsequently challenged and appealed the change in his

1

classification status. (*Id.*); *see also* (Doc. 232-1 at 11-13.) Ellison references an alleged conspiracy that he believes has been at play against him by various Montana state officials over the years that was also the subject of habeas matters filed in this court. Apparently Ellison now claims that. Williams is involved in the same conspiracy against him. (Doc. 232 at 3.)

Ellison asserts the purported acts undertaken by Williams, on behalf of Yellowstone County, establishes bad faith and requires a sanction under Fed. R. Civ. Pro. 11. (*Id.* at 4.) Ellison believes this continued conspiracy and fraud should result in immediately remedying his "wrongful" conviction. (*Id.*) Ellison apparently has presented these same allegations to various members of the Montana Legislature, as well as the Commission on Practice. (*Id.*); *see also* (Doc. 232-1 at 14-23); (Doc. 235-1).

Williams contends that she has had no contact with MSP regarding Ellison's classification status and has no influence upon MSP's classification decisions. Williams asks that the motion for sanctions be denied. *See*, (Doc. 234.)

Federal courts possess inherent power to impose sanctions for attorney misconduct and such sanction include an award of attorney's fees, against attorney and parties for "bad faith" conduct, or "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764-66 (1980). "Bad faith" means a party or counsel acted

"vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45-6. Bad faith is tested objectively: "[A] district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford v. Temple Hosp.*, 790 F. 2d 342, 347 (3rd Cir. 1986). There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay." *Ford*, 790 at 347.

Aside from his own unsupported conclusion, Ellison presents no evidence to demonstrate that Williams undertook *any* acts relative to his present classification status, much less that she acted in bad faith. Ellison repeatedly has been advised that the claims that have survived in this matter are discrete and finite: (1) did Defendant Washington fail to provide Ellison with a meal on September 22, 2015; and (2) did Defendants fail to protect Ellison in relation to an alleged assault that occurred on December 10, 2015, at the Yellowstone County Detention Center. The Court appreciates that the parties have agreed to engage in a settlement conference in an effort to resolve this matter. These proceedings may not be used to relitigate the civil rights case that Ellison voluntarily dismissed, *Ellison v. State, et al.*, Cause No. CV-24-76-BLG-DWM, or any of his prior habeas matters, including *Ellison v. Salmonsen*, Cause No. CV-21-26-BLG-DLC.

Ellison has failed to make the requisite showing under Rule 11 to warrant

sanctions in this matter. The motion will be denied. Similarly, the Court will not interfere with MSP operations as they relate to Ellison's security level and/or classification status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Myron v. Terhune*, 476 F. 3d 716, 719 (9th Cir. 2007) (federal courts should afford appropriate deference to state officials managing a prison environment).

Ellison is again advised that this matter remains stayed. Ellison should refrain from continued filing until the settlement conference has been completed.

Accordingly, IT IS HEREBY ORDERED:

1. Ellison's Motion for Sanctions (Doc. 232) is DENIED.

2. At all times during the pendency of this action, Ellison must immediately advise the Court and opposing counsel of any change of address and its effective date.

DATED this 4th day of March, 2025.

_____
Brian Morris, Chief District Judge
United States District Court

4