IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER WASHINGTON, OFFICER GROSLOCK, and OFFICER JOHNSON,<br><br>　　　　Defendants. | CV 18-00056-BLG-BMM-JTJ<br><br><br>ORDER |

Pending before the Court are Plaintiff Lionel Ellison's motion for reconsideration, motion for mediation, and motion for recusal. (Docs. 237, 239, and 243). Each will be addressed in turn.

**Motion for Reconsideration**

This Court previously denied Plaintiff's motion for sanctions. *See*, (Doc. 236). It was determined that Ellison presented no evidence to demonstrate that defense counsel acted in bad faith or undertook any acts to influence or affect his present classification status at Montana State Prison ("MSP"). (*Id*. at 2-4.) Accordingly, Ellison failed to make the requisite showing for sanction required

1

under Rule 11 of the Federal Rules of Civil Procedure. (*Id*. at 3-4.) Ellison was further advised that these proceedings, including the previously scheduled settlement conference, may not be used to relitigate prior matters which have been dismissed, including a prior civil rights matter or any of his prior habeas filings. (*Id*. at 3.)

Ellison seeks reconsideration of the order denying sanctions. (Doc. 237.) He does not provide a recognized legal basis for this Court to reconsider its prior order. Instead, he repeats arguments he has already advanced and/or presented. (*Id*. at 1-2.) Ellison has apparently endeavored to send copies of documents he believes demonstrate a conspiracy against him to various members of President Trump's administration, including United States Attorney Pam Bondi, FBI Director Kash Patel, and others. (*Id*. at 2-3.) Ellison also sought to set parameters and demands on the settlement conference. (*Id*. at 3); (Doc. 237-1.) Ellison's motion for reconsideration will be denied on the same basis previously provided to Ellison. There is no indication, aside from Ellison's own unsupported conclusions, that Ms. Williams engaged or conspired in any acts with MSP officials to alter Ellison's classification status.

Ellison is again informed that he may not relitigate issues that have been decided by both this Court and the Ninth Circuit Court of Appeals. Specifically, there is no continuing double jeopardy violation resulting of his underlying state

court criminal proceedings. Ellison was afforded relief from the double jeopardy issue on direct appeal when the Montana Supreme Court dismissed one of the two Tampering convictions against him. *See Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Find. & Rec. (Doc. 35 at 34-35, 72-76)(filed March 2, 2022); *see also Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Ord. (Doc. 64 at 37-40)(D. Mont. Sept. 27, 2022). Additionally, the Montana Attorney General's Office did not concede or waive any claims relative to the alleged malicious prosecution against Ellison or a lack of probable cause to charge him. *See e.g., Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Find. & Rec. (Doc. 35 at 14-28)(filed March 2, 2022); *see also Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Ord. (Doc. 64 at 42-45)(D. Mont. Sept. 27, 2022). Ellison's reliance upon his recollection of the prior proceedings, which is inaccurate, does not support sanctions against defense counsel in this matter or a basis to grant his "settlement agreement criteria."

In the interim, Ellison has filed a new civil rights action, *Ellison v. State et al*., CV 25-32-BLG-DWM, Comp. (filed March 19, 2025). To the extent that he has new issues to raise, he may do so there, but not in this proceeding. The issues to be decided in this matter are: (1) did Defendant Washington fail to provide Mr. Ellison with a meal on September 22, 2015; and (2) did Defendants fail to protect Mr. Ellison in relation to an alleged assault that occurred on December 10, 2015, at

the Yellowstone County Detention Center. The motion for reconsideration will be denied.

### Motion for Mediation/Motion for Recusal

On April 2, 2025, a settlement conference was held; the parties were unable to reach a resolution. (Doc. 238.) Plaintiff was unhappy with various aspects of the events leading up to and following the settlement conference. *See*, (Doc. 239.) Nevertheless, Ellison now requests a second settlement conference that conforms with the Montana Uniform Arbitration Act and the Federal Arbitrations Act. (*Id.* at 5-6.) Further, Ellison requests that an arbitrator be appointed, rather than one of the law clerks, and that an interpreter be provided to assist with Ellison's hearing impairment. (*Id.*) Ellison then notes his objection to what is transpiring in another civil matter in which Judge Molloy denied him leave to proceed in forma pauperis. (*Id.* at 7-8.) He then references his disagreement with rulings made in his prior habeas matter. (*Id.* at 9-11.) Ellison points to the other cases to suggest that recusal of the undersigned is appropriate in this matter and that venue should be transferred to Casper, Wyoming. (*Id.* at 11.)

As set forth above, Ellison will not be permitted to litigate other matters in these proceedings. Similarly, the fact that he was unhappy with the outcome of the prior settlement conference does not divest this Court of jurisdiction or warrant recusal of the undersigned. Defendants have agreed to participate in a second

mediation. (Doc. 241.) While the Court is willing to work with Ellison to ensure that he can meaningfully participate in a second settlement conference, Ellison does not get to dictate the terms of such, including who will mediate the matter. The motion for mediation will be granted, but Ellison's requests for a change of venue will be denied.

Three months after the first settlement conference occurred, Ellison filed a motion for recusal suggesting that his rights were violated during the settlement conference when he was not provided an interpreter and the law clerk mediators "threatened" Ellison into settling for a nominal amount of money. *See*, (Doc. 243.) Ellison believes these acts amount to an abuse of discretion and demonstrate impropriety on the part of the undersigned. (*Id*. at 3.) It is worth noting that the law clerk mediators did not have the same account of the settlement conference as Ellison and advised the undersigned that a second attempt at mediating the matter may be worthwhile.

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for disqualification under section 455(a) is an objective one: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983). The "reasonable person" is not someone who is "hypersensitive or

unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).  This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id*. (citations omitted).  Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed, or statements made by the judge during the course of [proceedings]." *Id*. at 913-14.

    28 U.S.C. § 144 requires a party to file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."  To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978).  The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id*. at 739-40.  Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F.2d 944, 946 (9th Cir. 1962).

    When a court considers a motion under § 144, it should: (1) first evaluate whether to "grant recusal pursuant to [§ 455]"; and (2) if it determines that recusal

is inappropriate under § 455, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§ 144]." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Under § 144, recusal is not automatic. "An affidavit filed pursuant to [§144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party that stems from an extrajudicial source." *Id*.

Ellison has failed to establish that recusal is warranted. The basis for recusal rests upon Ellison's conclusory statements, that are not supported by the record before the Court or by information obtained from extrajudicial sources.

As set forth above, Ellison was displeased with the settlement conference that took place in April. The settlement conference was arranged in an attempt to assist the parties in arriving at a negotiated resolution, and avoiding trial, at Ellison's request. The fact that the matter did not settle does not demonstrate bias or prejudice on the part of the undersigned who was not a party to the conference. Nonetheless, the undersigned is willing to schedule a second settlement conference and Defendants are agreeable to participating. There is no indication that the unsuccessful first attempt at mediation was the result of prejudice or impartiality. In short, there is no reason to conclude that impartiality is in question. Recusal is not required by § 455(a).

While recusal is inappropriate under § 455, Ellison also fails to make the requisite showing of legal sufficiency of the affidavit under the second prong of §144.  The only extrajudicial source supporting Ellison's affidavit is his own conjecture.  While Ellison may genuinely believe there is a conspiracy at play against him, he provides no additional support.  It is understood that Ellison suffers from various hearing and health issues.  But attempting to settle the matter, as requested by Ellison, was not meant to create a hardship for Ellison.  Moreover, his reliance upon other matters that have either been dismissed or are presently pending before other judges are not relevant to the recusal request advanced here. Ellison has not established recusal is justified under either §144 or § 455, and he has also failed to demonstrate any reasonable basis on which to question the undersigned's impartiality in this matter.  The facts, as presented, do not warrant recusal or disqualification.  The motion for recusal will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. Ellison's Motion for Reconsideration (Doc. 237) is DENIED.

2. Ellison's Motion for Mediation (Doc. 239) is GRANTED.  A second settlement conference will be scheduled by subsequent order of the Court.

3. Ellison's Motion for Recusal (Doc. 243) is DENIED.

At all times during the pendency of this action, Ellison must

immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to do so may result in dismissal of this matter.

DATED this 30th day of September, 2025.

_____
Brian Morris, Chief District Judge
United States District Court