IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>   Plaintiff,<br><br>   vs.<br><br>OFFICER WASHINGTON, OFFICER GROSLOCK, and OFFICER JOHNSON,<br><br>   Defendants. | CV 18-00056-BLG-BMM-JTJ<br><br><br>ORDER |

Pending before the Court are Plaintiff Lionel Ellison's motion to lift stay and halt unlawful mediation (Doc. 247) and motion for default judgment. (Doc. 250.)

The stay that was previously imposed in this matter has been lifted. Accordingly, that portion of his motion will be denied as moot.

At Ellison's request, following an unsuccessful prior mediation, a second mediation was scheduled. (*See* Doc. 245.) Ellison was previously advised, however, that he would not be permitted to litigate other matters in conjunction with the present proceedings. (*Id.* at 4-5.) Ellison was also instructed that the Court was willing to work with him to ensure his participation in a second settlement conference, but that he would not get to dictate the terms of such, including who would mediate the matter. (*Id.* at 5.)

1

Ellison believes that the law clerks involved in the first mediation displayed bias and engaged in "bullying" behavior. (Doc. 247 at 1.) The Court previously observed that Ellison's comments found no support in the record and were further belied by the accounts of the mediators. (Doc. 245 at 5.) Ellison now suggests that this bullying behavior was demonstrated when Ellison was told he would likely only recover a nominal monetary sum and that an interpreter was not provided at the mediation. (Doc. 247 at 1.) Ellison asserts that law clerks cannot act as mediators and that the mediation process does not comply with federal or state arbitration acts. (*Id*. at 1-2.)

The procedures used in this matter need not conform with the Montana Uniform Arbitration Act and/or the Federal Arbitrations Act because an arbitration is not occurring. Pursuant to Local Rule 16.5, and the authority outlined by 28 U.S.C. §§651 et. seq., the Undersigned is authorized to allow the parties to engage in alternative dispute resolution in the form of a mediation or neutral evaluation. *See*, L.R. 16.5(a)(1). Mediation is a non-binding process in which a neutral third party assists the parties in reaching an agreed settlement. L.R. 16.5(a)(1)(A). The law clerks which will be involved in the mediation, though officers of this Court, have not worked on Ellison's case. Ellison's case has been handled within the pro se department. The Court's law clerks are acting as neutral third parties under the Court's rules. The Court's law clerks may mediate the matter.

In consideration of Ellison's hearing impairment, the mediation was scheduled for a conference via Zoom, so that Ellison would be able to read the captions if he is having difficulty hearing. There is nothing unlawful about the second mediation that was scheduled at Ellison's request. The mediation will proceed as scheduled.

This Court retains jurisdiction over the matter, as previously explained. (Doc. 245 at 4-5.) Ellison's renewed arguments to the contrary are not legally sound. *See*, (Doc. 247 at 2-3.) The issues to be decided in this matter are the following: (1) did Defendant Washington fail to provide Mr. Ellison with a meal on September 22, 2015; and (2) did Defendants fail to protect Mr. Ellison in relation to an alleged assault that occurred on December 10, 2015, at the Yellowstone County Detention Center.

Ellison attempts to bootstrap his new civil rights action, *Ellison v. State et al.*, CV 25-32-BLG-DWM, Comp. (filed March 19, 2025), into the present matter and mediation. Ellison's new civil case is presently on appeal, as he seeks to challenge the Court's order denying him IFP status. Ellison now claims that in the present matter, the State of Montana has conceded it committed fraud upon the Court based on a tardy filing of a response brief in his case on appeal. (Doc. 247 at 3.) Ellison then states that the only question for mediation is whether Yellowstone County Defendants will admit he was wrongfully accused after being acquitted at

trial and agree to the attached default judgment of $15,000,000. (*Id.*); *see also*, Mot. for Default (Doc. 250.) The Court disagrees.

As has been explored and explained at length in prior proceedings before this Court, Ellison was not acquitted at trial. Ellison was afforded relief from a double jeopardy violation on direct appeal when the Montana Supreme Court dismissed one of the two Tampering convictions against him. *See Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Find. & Rec. (Doc. 35 at 34-35, 72-76)(filed March 2, 2022); *see also Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Ord. (Doc. 64 at 37-40)(D. Mont. Sept. 27, 2022). The Montana Attorney General's Office did not concede or waive any claims against Ellison or acknowledge a lack of probable cause to charge him in conjunction with his state criminal proceedings. *See e.g., Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Find. & Rec. (Doc. 35 at 14-28)(filed March 2, 2022); *see also Ellison v. Salmonsen*, CV 21-26-BLG-DLC-TJC, Ord. (Doc. 64 at 42-45)(D. Mont. Sept. 27, 2022). The Court has affirmed the validity of Ellison's state judgments of conviction in his federal habeas cases. Ellison's recollection of his prior proceedings is not accurate, and it appears he misapprehends the procedural posture of his present appeal before the Ninth Circuit.

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: and entry of default judgment must be preceded by an entry of

4

default. *See*, Fed. R. Civ P. 55; *see also Eitel v. McCool*, 782 F. 2d 1470, 1471 (9th Cir. 1986). Upon entry of default the factual allegations of the complaint, save for those concerning damages are deemed to have been admitted by the defaulting party. *See Geddes v. United Fin. Grp.*, 559 F. 2d 557, 560 (9th Cir. 1977); *see also*, Fed. R. Civ. P. 8(b)(6). On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit to conclusions of law. "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F. 2d 1386, 1388 (9th Cir. 1978). As explained herein, Ellison has not established well-pleaded facts, he merely presents his own unsupported conclusions.

Ellison's belief that this Court should grant a default judgment based upon what is happening in a matter presently on appeal before the Ninth Circuit finds no support in the law or the facts of this case. The issue in Ellison's appeal deals with whether he should be allowed to proceed in forma pauperis in a matter wholly separate from this case. There is no indication that the merits of any of Ellison's claims have been presented, much less conceded or waived by Defendants on appeal. Elison simply stating material facts are true does not make them so. Ellison claims, based upon the "waiver" that has occurred in the companion appellate case, that he is willing to accept a $5,000,000 settlement, along with a

5

letter of apology for his wrongful conviction, in the present case. (Doc. 250 at 2.) There is no legal support for Ellison's position. Ellison was never found to have been wrongfully convicted. Ellison has not made the requisite showing for a default judgment and the Court declines to exercise its discretion to enter one. *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980). The motion for default judgment will be denied.

Accordingly, IT IS HEREBY ORDERED:

1. Ellison's Motion to Lift Stay and Halt Unlawful Mediation (Doc. 237) is **DENIED**. The mediation presently scheduled for Friday, December 5, 2025, at 8:30 a.m. via Zoom will proceed as scheduled. Ellison's full participation is encouraged.

2. Ellison's Motion for Default Judgment Based on Waivers of Issues and Claims in the Ninth Circuit (Doc. 250) is **DENIED**.

At all times during the pendency of this action, Ellison must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to do so may result in dismissal of this matter.

DATED this 1st day of December, 2025.

_____
Brian Morris, Chief District Judge
United States District Court